IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM PLANES, individually and as trustee and beneficiary of Regina M. Planes 2003 Irrevocable Trust, | ) ) ) | |
| | ) | |
| REGINA PLANES, individually and as trustee and beneficiary of William Planes 2003 Irrevocable Trust, | ) ) | |
| | ) | |
| WILLIAM PLANES 2003 IRREVOCABLE TRUST, | ) | |
| | ) | |
| REGINA M. PLANES 2003 IRREVOCABLE TRUST, | ) | |
| | ) | |
| ANA PLANES, as beneficiary of Regina M. Planes 2003 Irrevocable Trust and William Planes 2003 Irrevocable Trust, | ) ) ) | |
| | ) | |
| WILLIAM PLANES II, as beneficiary of Regina M. Planes 2003 Irrevocable Trust and William Planes 2003 Irrevocable Trust, | ) ) ) | |
| | ) | |
| RHEA MARTINEZ, as beneficiary of Regina M. Planes 2003 Irrevocable Trust and William Planes 2003 Irrevocable Trust, | ) ) ) | |
| | ) | |
| DAVID MARGULIES, as beneficiary of Regina M. Planes 2003 Irrevocable Trust and William Planes 2003 Irrevocable Trust, | ) ) ) | |
| | ) | |
| MICHAEL MARGULIES, as beneficiary of Regina M. Planes 2003 Irrevocable Trust and William Planes 2003 Irrevocable Trust, | ) ) ) | |
| | ) | |
| LANGFRED WHITE, as trustee of Regina M. Planes 2003 Irrevocable Trust and William Planes 2003 Irrevocable Trust, | ) ) ) | |

CORKLICO LLC,                               )
                                            )
03-22-18 LLC,                               )
                                            )
2801 CORNER HOLDINGS LLC,                   )
                                            )
32801-15 HOLDINGS LLC,                      )
                                            )
2801 KEYSTONE LLC,                          )
                                            )
TRINITY CORNER LLC, and                     )
                                            )
QUALITY HOLDINGS OF FLORIDA INC.,           )
                                            )
      Defendants.                      )
_____   )

## COMPLAINT

     Plaintiff, the United States of America, by and through its undersigned counsel,

complains and alleges as follows:

     1.    Over the course of nearly two decades, Defendants William Planes ("Mr. Planes")

and Regina Planes ("Mrs. Planes"), who are husband and wife, have accumulated millions of

dollars in tax liabilities and engaged in extensive efforts to prevent collection. The United States

brings this civil action to reduce these liabilities to judgment and to unravel Mr. and Mrs.

Planes's elaborate network of alter egos in order to allow for collection.

     2.    This action is authorized and requested by the Chief Counsel of the Internal

Revenue Service, a delegate of the Secretary of the Treasury of the United States, and is brought

at the direction of the United States Attorney General.

JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. § 7402(a).

4.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1396 because the federal tax and judgment liabilities at issue accrued and continue to accrue in this district and because a substantial number of Defendants, including Mr. and Mrs. Planes, reside in this district.

DEFENDANTS

5.      Defendant William Planes resides at 854 Cypress Lakeview Court, Tarpon Springs, FL 34688, which is within the jurisdiction of this Court. His liabilities are a subject of this Complaint. He is named in his individual capacity due to his tax liabilities, as well as in his capacities as trustee and beneficiary of the Regina M. Planes 2003 Irrevocable Trust.

6.      Defendant Regina Planes resides at 854 Cypress Lakeview Court, Tarpon Springs, FL 34688, which is within the jurisdiction of this Court. She is named in her individual capacity due to her tax and judgment liabilities, as well as in her capacities as trustee and beneficiary of the William Planes 2003 Irrevocable Trust.

7.      Defendant William Planes 2003 Irrevocable Trust ("William Trust") was created pursuant to Florida law in Pinellas County, Florida, which is within the jurisdiction of this Court. The trust is a sham and is the alter ego of Mr. and Mrs. Planes, who are within the jurisdiction of this Court.

8.      Defendant Regina M. Planes 2003 Irrevocable Trust ("Regina Trust") was created pursuant to Florida law in Pinellas County, Florida, which is within the jurisdiction of this Court.

The trust is a sham and is the alter ego of Mr. and Mrs. Planes, who are within the jurisdiction of this Court.

9.      Defendant Ana Planes is named in her capacity as a beneficiary of the Regina Trust and the William Trust.

10.     Defendant William Planes II is named in his capacity as a beneficiary of the Regina Trust and the William Trust.

11.     Defendant Rhea Martinez is named in her capacity as a beneficiary of the Regina Trust and the William Trust.

12.     Defendant David Margulies is named in his capacity as a beneficiary of the Regina Trust and the William Trust.

13.     Defendant Michael Margulies is named in his capacity as a beneficiary of the Regina Trust and the William Trust.

14.     Defendant Langfred White is named in his capacity as trustee of the Regina Trust and the William Trust.

15.     Defendant Corklico LLC ("Corklico") is a Florida entity with a principal place of business in Palm Harbor, Florida, which is within the jurisdiction of this Court. It is the alter ego of Mr. and Mrs. Planes, who are within the jurisdiction of this Court. Its registered agent for service of process is Michael Brundage.

16.     Defendant 03-22-18 LLC ("03-22-18") is a Florida entity with a principal place of business in Palm Harbor, Florida, which is within the jurisdiction of this Court. It is the alter ego of Mr. and Mrs. Planes, who are within the jurisdiction of this Court. Its registered agent for service of process is Michael Brundage.

17.     Defendant 2801 Corner Holdings LLC ("2801 Corner") is a Florida entity with a principal place of business in Palm Harbor, Florida, which is within the jurisdiction of this Court. It is the alter ego of Mr. and Mrs. Planes, who are within the jurisdiction of this Court. Its registered agent for service of process is Michael Brundage.

18.     Defendant 32801-15 Holdings LLC ("32801-15") is a Florida entity with a principal place of business in Palm Harbor, Florida. It is the alter ego of Mr. and Mrs. Planes, who are within the jurisdiction of this Court. Its registered agent for service of process is Michael Brundage.

19.     Defendant 2801 Keystone LLC ("2801 Keystone") is a Florida entity with a principal place of business in Palm Harbor, Florida, which is within the jurisdiction of this Court. It is the alter ego of Mr. and Mrs. Planes, who are within the jurisdiction of this Court. Its registered agent for service of process is Michael Brundage.

20.     Defendant Trinity Corner LLC ("Trinity Corner") is a Florida entity with a principal place of business in Palm Harbor, Florida, which is within the jurisdiction of this Court. It is the alter ego of Mr. and Mrs. Planes, who are within the jurisdiction of this Court. Its registered agent for service of process is Michael Brundage.

21.     Defendant Quality Holdings of Florida Inc. ("Quality Holdings") is a Florida entity with a principal place of business in Palm Harbor, Florida, which is within the jurisdiction of this Court. It is the alter ego of Mr. and Mrs. Planes, who are within the jurisdiction of this Court. Its registered agent for service of process is Michael Brundage.

THE *SOUTH CAPITAL* CASE

22.     This Complaint follows—and is related to—a $662,226 fraudulent transfer

judgment the United States obtained earlier this year against Mrs. Planes. *See United States v.*

*South Capital Construction, Inc. and Regina M. Planes*, No. 8:16-cv-705-SCB-JSS, ECF No.

140 (M.D. Fla. Feb. 16, 2018) (hereinafter "*South Capital*").

23.     In that case, the Court concluded that, between 2006 and 2008, Mr. Planes

"siphon[ed]" money from a construction company by making fraudulent payments to Mrs.

Planes in exchange for services she never rendered. *Id.*, ECF No. 139 at 11, 21.

24.      The Court determined that these payments were part of a scheme that also

involved putting the couple's assets—including ownership of various companies, properties, and

vehicles—in Mrs. Planes's name alone. *Id.* at 14–15. Mr. Planes, meanwhile, "operated the

businesses in the Planes enterprise" and "assumed the couple's companies' tax liabilities." *Id.* at

15.

25.     These tax liabilities consisted primarily of trust fund recovery penalties

("TFRPs"). Federal law requires employers to withhold from their employees' wages federal

income and Federal Insurance Contributions Act ("FICA") taxes and to pay over to the IRS those

withholdings, along with the employers' own FICA taxes. 26 U.S.C. §§ 3102, 3111, and 3402.

These are collectively referred to as "employment taxes."

26.     Individuals who are required to account for employment taxes and willfully fail to

pay the trust fund portion (the amount withheld from employees' paychecks) over to the IRS are

liable for TFRPs pursuant to 26 U.S.C. § 6672.

27.     Companies operated by Mr. Planes have consistently failed to pay their

employment taxes.

28.     The Court in *South Capital* wrote: "By managing the couple's businesses while retaining no ownership interest in them, Mr. Planes ensured that he would be the person assessed with trust fund recovery penalties. However, by placing the assets in Mrs. Planes's name, the couple also ensured that Mr. Planes lacked funds to satisfy the penalties. This structure has allowed the couple to accrue substantial liabilities that have been virtually impossible to collect." *South Capital*, ECF No. 139 at 15.

29.     The intention of this scheme was for Mr. and Mrs. Planes to "enrich themselves with funds that rightfully should have been used to satisfy [South Capital Construction's] tax obligations." *Id.* at 21.

## OUTSTANDING LIABILITIES

30.     As described in Counts I–XI, *infra*, Mr. Planes currently owes millions of dollars in trust fund recovery penalties related to unpaid employment taxes from various businesses he has controlled.

31.     Meanwhile, Mrs. Planes is a judgment debtor of the United States as a result of the *South Capital* case. And, although Mr. Planes has assumed most of the couple's tax liabilities, Mrs. Planes also has outstanding TFRP liabilities, as described in Counts XII–XIV, *infra*.

32.     Finally, as described in Count XV, *infra*, Mr. and Mrs. Planes have an outstanding joint income tax liability for tax year 2007.

33.     As a result of the outstanding liabilities, federal tax liens arose on the dates of the tax assessments described *infra* and attached to all of Mr. and Mrs. Planes's property and rights to property. *See* 26 U.S.C. §§ 6321, 6322.

## NETWORK OF ALTER EGOS

34.     Mr. and Mrs. Planes have taken elaborate steps to prevent creditors from reaching their assets.

35.     Some of these efforts were at issue in the *South Capital* litigation. In that case, the Court concluded that Mr. and Mrs. Planes "intentionally engaged in a scheme that was fraudulent and that had the goal of defeating the collection of taxes." *South Capital*, ECF No. 139 at 16.

36.     Mr. and Mrs. Planes have also employed an extensive network of alter egos. This is similar to the conduct involved in *South Capital* because it involves a separation of assets and liabilities. However, the scheme at issue here is even more insidious. In *South Capital*, the Court noted that assets were titled in Mrs. Planes's name and liabilities were accruing in Mr. Planes's name. *Id.* at 15. By contrast, many of the assets at issue in this Complaint are not in the name of either Mr. Planes or Mrs. Planes and are instead placed in sham trusts.

37.     The common thread among the various alter ego entities in this Complaint is that Mr. Planes has exercised complete control over them and raided their assets for the benefit of himself and Mrs. Planes. Indeed, Mrs. Planes has admitted that she has had doubts as to whether Mr. Planes has been "running these companies legitimately." The context for this was a deposition in a divorce case that Mrs. Planes filed and ultimately withdrew. *See In re Marriage of Regina Mary Planes and William P. Planes, Sr.*, No. 13-9287-FD-23 (Fla. Cir. Ct.) (hereinafter the "Divorce Proceedings").

38.     Mr. Planes has, on almost a daily basis, directed the transfer of money between a labyrinth of accounts in the names of these alter ego entities. These transfers have ignored corporate formalities and have highlighted the extent to which the entities are shams. As Deborah Noll, the former treasurer for approximately 19 Planes entities, explained in a letter to

the IRS, "In most cases funding of bank activity was on a day-to-day basis depending on what was received that day. It did not matter what company received the funds because Mr. Planes would reallocate as he needed for his various business or personal requirements."

39.     In a separate letter, Ms. Noll gave a number of examples of this use of corporate funds for the personal benefit of Mr. and Mrs. Planes, including the purchase of luxury real estate at the Ritz Carlton in Coconut Grove, a beach home, a private pool, and a yacht.

A.  *The William Trust and the Regina Trust*

i.     *Background*

40.     The nerve centers for the network of alter egos are the William Trust and the Regina Trust.

41.     In the 1980s, Mr. Planes, who at the time was an accountant, misappropriated funds, which led to his conviction and subsequent incarceration.

42.     Following his release, Mr. Planes began operating a network of businesses and placing many of them in Mrs. Planes's name.

43.     By the early 2000s, companies in the Planes enterprise began accruing significant employment tax liabilities. The entity at the center of these problems was International Cooperative Consultants. This company—which Mrs. Planes owned but Mr. Planes operated—managed various other businesses, including Keen's Corner.

44.     These liabilities created a strong likelihood that the IRS would assess TFRPs. Indeed, on May 5, 2003, the IRS assessed Mr. Planes with more than $529,000 in TFRPs related to Keen's Corner. In the ensuing years, Mr. Planes was assessed millions of additional dollars in TFRPs.

45.     On May 6, 2003, the day after the IRS assessed substantial TFRPs against Mr. Planes, Mr. and Mrs. Planes created the William Trust and the Regina Trust.

46.     On paper, the purpose of the trusts is to provide for the Planes's children, who have future interests in the trusts. Mr. Planes is a co-trustee of, and maintains a present interest in, the Regina Trust, which is allowed to make distributions to him. Meanwhile, Mrs. Planes is a co-trustee of, and maintains a present interest in, the William Trust, which is allowed to make distributions to her. However, the trust formation documents forbid Mr. and Mrs. Planes from having any involvement in determining the distributions that they receive. Instead, another trustee, Defendant Langfred White, is supposed to have sole discretion over such distributions.

47.     This created a fiction that Mr. and Mrs. Planes do not have any control over their personal use of the trust funds.

*ii.     Control of the trusts*

48.     Despite that fiction, Mrs. Planes testified during the Divorce Proceedings that Mr. Planes bragged that "he could do whatever he wants with the [trust] monies" and that he "doesn't have to answer to anybody."

49.     Indeed, the real purpose of the trusts is to keep the couple's assets outside of the reach of existing and future creditors, including the United States. As Mrs. Planes testified during the Divorce Proceedings, Mr. Planes said they were "going to live" off of the assets of all of the entities that funneled into the trusts.

50.     Upon information and belief, the William Trust and the Regina Trust collectively own all or part of Defendants Corklico, 2801 Keystone, 03-22-18, 32801-15, Trinity Corner, and 2801 Corner. Other than serving to frustrate creditors, these businesses have no clear legitimate

purpose. Mrs. Planes, for instance, has described Corklico simply as a company that "holds assets."

51.     Despite not being allowed under the formation documents to have any control over distributions to themselves, Mr. and Mrs. Planes have used the trusts as their piggy bank. Mrs. Planes confirmed this during the Divorce Proceedings, when she alleged that the funds held in the trusts were the couple's marital assets, a position inconsistent with the fiction that she and Mr. Planes lacked control over the funds. For instance, for the benefit of both himself and Mrs. Planes, Mr. Planes has used the money of the entities controlled by the trusts to:

    a.   Fund cashier's checks made payable to him;

    b.   Pay for health insurance, travel, and food;

    c.   Regularly effectuate transfers between bank accounts;

    d.   Purchase a $57,273.48 Mercedes for personal use;

    e.   Assume a $127,252.74 debt owed by Mrs. Planes;

    f.   Collect rental payments from the leasing of commercial real estate; and

    g.   Receive distributions for himself and Mrs. Planes of approximately $14,000 per month.

    *iii.*     *The Keystone Property*

52.     Mr. and Mrs. Planes have also used the trusts to obscure their interest in the two parcels of real estate located at 2801 Keystone Road in Tarpon Springs, FL (the "Keystone Property").

53.     To do so, Mr. and Mrs. Planes used the entity 2801 Keystone. The William Trust and the Regina Trust are the 100 percent owners of the entity.

54.     Mr. and Mrs. Planes previously operated a school, St. Nicholas Greek Orthodox Parochial School, on the Keystone Property. Like other Planes entities, the school, which has since closed, accumulated significant unpaid employment taxes.

55.     Mr. and Mrs. Planes obtained control over the Keystone Property on April 1, 2004 in a deed from Maurice and Suzanne Wilder to Trinity Corner, which is an entity that they owned through the trusts. That deed is recorded in book 13501, page 103 of the Pinellas County public records.

56.     Mr. Planes subsequently arranged in late 2014 for title to the Keystone Property to be simultaneously vested in two entities: 2801 Keystone and Corklico. Corklico, like 2801 Keystone, is owned entirely by the William Trust and the Regina Trust.

57.     Corklico's purported deed to the Keystone Property—from Trinity Corner, a Planes entity—is recorded in book 18592, page 2120 of the Pinellas County public records. Meanwhile, 2801 Keystone's alleged title is recorded in book 18631, pages 1889 and 1892 of the Pinellas County public records.

58.     In June 2016, however, Corklico's potential title to the Keystone Property became problematic for Mr. and Mrs. Planes because the IRS filed liens against Corklico as the alter ego of Mr. and Mrs. Planes. This problem became more imminent in February 2018, when the United States obtained a judgment against Mrs. Planes in the *South Capital* case.

59.     Although a paper trail tied Mr. and Mrs. Planes to Corklico, their interest in 2801 Keystone was better hidden.

60.     For instance, public records list Mr. Planes as the manager and CEO of Corklico, there are public IRS liens against Corklico as the alter ego of Mr. and Mrs. Planes, and Mrs.

Planes disclosed Corklico's ownership by the William Trust and the Regina Trust in her post-judgment interrogatory responses in *South Capital*.

61.     By contrast, Mr. Planes does not have any official title with 2801 Keystone, and Mrs. Planes did not disclose 2801 Keystone in response to a post-judgment interrogatory in *South Capital* about the trusts' assets.

62.     Mr. Planes began a coordinated effort to take title to the Keystone Property away from Corklico and move it into the hands of 2801 Keystone.

63.      To that end, on May 26, 2018, 2801 Keystone filed a sham lawsuit against Trinity Corner and Corklico. *See 2801 Keystone LLC v. Corklico LLC*, No. 18-3470-CI (Fla. Cir. Ct.).

64.     In the lawsuit, 2801 Keystone alleged that the transfer of the Keystone Property from Trinity Corner to Corklico was fraudulent. The lawsuit requested that the court quiet title to the property in favor of 2801 Keystone and against Corklico and Trinity Corner.

65.     The complaint does not reference the alter ego liens the IRS has against Corklico, and it does not name the United States as a party.

66.     Steven Tsangaris, who represented both Mr. Planes (as a third-party witness) and Mrs. Planes in *South Capital*, served as counsel for 2801 Keystone in the litigation.

67.     Meanwhile, Michael Brundage, who represented Mrs. Planes in *South Capital*, represented Corklico and Trinity Corner.

68.     Mr. Brundage represented Corklico and Trinity Corner (the defendants) despite also serving as the registered agent for 2801 Keystone (the plaintiff).

69.     On May 31, 2018, just five days after the lawsuit was filed, 2801 Keystone, Corklico, and Trinity Corner filed a joint stipulation agreeing to quiet title in favor of 2801

Keystone. In connection with the stipulation, they submitted a proposed judgment, which the court entered on June 4, 2018.

70.     Because Mr. and Mrs. Planes, through the William Trust and the Regina Trust, own 2801 Keystone (the plaintiff), as well as Corklico and Trinity Corner (the defendants), they in effect sued themselves in order to obtain a more advantageous position.

71.     On August 21, 2018, shortly after the quiet title action was resolved, 2801 Keystone sold the Keystone Property to a third party, Solid Rock Community School, for $5.5 million. The deed is recorded in book 20181, page 1684 of the Pinellas County public records.

72.     In an e-mail to Chad Orsatti, who represented Solid Rock, counsel for 2801 Keystone sought to assure Solid Rock that it was not getting "crap" title to the Keystone Property. Regarding the quiet title lawsuit, counsel for 2801 Keystone said: "I cleaned up the 'mess' before we put the property out there for sale."

73.     This sale to a third party harmed the United States by impairing its ability to foreclose its tax liens against the Keystone Property.

74.     Despite the lack of public documentation tying him to 2801 Keystone, Mr. Planes exercised absolute control over the entity. Indeed, according to Mr. Orsatti, who testified as Solid Rock's 30(b)(6) witness in *South Capital* post-judgment discovery, when Solid Rock questioned Mr. Planes's role in the negotiations, the school "was given repeated assurance from everybody that he had appropriate authority." Mr. Orsatti also testified that Mr. Planes himself "repeatedly" made clear that he was "driving the ship."

75.     Based on his experience from the transaction, Mr. Orsatti testified that his understanding was that Mr. Planes and 2801 Keystone "are synonymous." Mr. Orsatti further

testified that 2801 Keystone's attorneys represented that Mr. Planes is "part and parcel of 2801 Keystone."

76.     In an e-mail to Mr. Orsatti, counsel for 2801 Keystone laid bare Mr. Planes's control. Specifically, he said that Mr. Planes "has the school now, and wants to sell it."

77.     Mr. Planes's actions during the real estate transaction are also indicative of his control over 2801 Keystone and the Keystone Property. For instance:

      a.  Mr. Planes led multiple meetings between counsel for Solid Rock and counsel for 2801 Keystone.

      b.  Mr. Planes personally made several demands of Solid Rock. They related to subjects ranging from the terms of the financing to the types of documentation Solid Rock would provide to 2801 Keystone.

      c.  Mr. Planes's approval was required in order for the transaction to close, and on at least one occasion, he directed a halt to the negotiations. Similarly, on other occasions, he threatened to scuttle the deal. For instance, in one e-mail to Mr. Orsatti, Mr. Planes wrote, "Quit[e] frankly, we are at the end, take it, or simply leave it, you have till the end of the day."

78.     To hide Mr. Planes's influence, 2801 Keystone installed Gene Santella, a local real estate broker, as the entity's manager. Mr. Santella is 2801 Keystone's only officer.

79.     Mr. Santella, however, receives no compensation for this role, has no meaningful authority, and was unable during a deposition to provide a plausible reason why he holds the title.

80.     Moreover, although Mr. Santella testified that Mr. White, the trustee of the William Trust and the Regina Trust, was in charge of 2801 Keystone's operations, the reality is

15

that Mr. Planes was in total control. For instance, Mr. Orsatti testified that he never dealt with Mr. White during the real estate transaction.

81.     In connection with the sale to Solid Rock, 2801 Keystone took back a $5.2 million mortgage. Payments from Solid Rock to 2801 Keystone are slated to begin in January 2019.

82.     Mr. and Mrs. Planes intend to use the monthly mortgage payments to enrich themselves to the detriment of their creditors, including the United States. Counsel for 2801 Keystone wrote in an e-mail to counsel to Mr. Orsatti that the "cash stream" from the mortgage payments is "important to [Mr. Planes] and his family" and that Mr. Planes does not want that stream to be "harmed."

83.     Mr. Planes is an authorized signor on 2801 Keystone's bank account. As a result, he will have ready access to the mortgage payments once they begin.

B.  *Quality Holdings*

84.     Quality Holdings is another entity that Mr. and Mrs. Planes use as an alter ego.

85.     Mrs. Planes is the 100 percent owner of Quality Holdings.

86.     Mr. Planes is the president and CEO of Quality Holdings.

87.     Upon information and belief, Quality Holdings has no ongoing business operations.

88.     Instead, Mr. and Mrs. Planes have repeatedly used Quality Holdings' funds to pay for personal expenses. For instance:

      a.  Between February 2017 and January 2018, Mr. Planes withdrew at least $33,535 in cash from Quality Holdings.

    b.   Between May and December 2017, Quality Holdings paid Michael Brundage more than $60,000 for legal work done for Mr. and Mrs. Planes. Much of this was for representing Mrs. Planes in her personal capacity in the *South Capital* case.

    c.   In addition to withdrawing cash and paying legal fees, Mr. and Mrs. Planes have also used Quality Holdings to fund more than $20,000 in other personal expenses between July and November 2017. This includes $4,225 to Decorating Elves for Christmas lights and $10,900 to Artist & Rainbow Decorating LLC for work on Mr. and Mrs. Planes's personal residence.

## COUNT I: REDUCE TO JUDGMENT UNIVERSITY REHABILITATION HOSPITAL TFRPs (DEFENDANT WILLIAM PLANES, in his individual capacity)

89.    The United States incorporates by reference the allegations in paragraphs 1–88.

90.    Between October 1, 2000 and March 31, 2002, Mr. Planes was a person who was required to collect, truthfully account for, and pay over the employment taxes of the employees of University Rehabilitation Hospital.

91.    Mr. Planes willfully failed to pay over the employment taxes of University Rehabilitation Hospital's employees for periods between October 1, 2000 and March 31, 2002.

92.    University Rehabilitation Hospital had a management contract with International Cooperative Consultants.

93.    In 2000 and 2001, Mr. Planes was the CEO and a director of International Cooperative Consultants. In 2002, he was the president, the CEO, and a director.

94.    During a deposition in the *South Capital* case, Mr. Planes admitted that, with respect to International Cooperative Consultants, "I signed the bank records and I made decisions as to what's to be paid."

95.    During that same deposition, Mr. Planes admitted that International Cooperative Consultants was tasked with preparing the employment tax filings for University Rehabilitation Hospital.

96.    On the date and in the amounts reflected below, the IRS, pursuant to 26 U.S.C. § 6672, assessed against Mr. Planes the following TFRPs related to University Rehabilitation Hospital:

| Tax Period | Assessment Date | Amount | Balance Due* |
|---|---|---|---|
| December 31, 2000 | 4/13/2007 | $72,880.20 | $116,292.66 |
| March 31, 2001 | 4/13/2007 | $417,994.10 | $666,980.18 |
| June 30, 2001 | 4/13/2007 | $402,866.47 | $642,841.43 |
| September 30, 2001 | 4/13/2007 | $484,358.38 | $772,875.56 |
| December 31, 2001 | 4/13/2007 | $406,718.82 | $170,435.38 |
| March 31, 2002 | 4/13/2007 | $320,276.31 | $671.55 |
| | | Total | $2,370,096.76 |

*As of September 30, 2018. Balance due reflects further interest and statutory additions as allowed by law less any credits, including for payments received.

97.    A delegate of the Secretary of the Treasury properly gave notice to Mr. Planes of the unpaid TFRPs related to University Rehabilitation Hospital and made demand for payment. Despite notice and demand for payment, Mr. Planes has failed and refused to pay the entire amount of the liabilities related to University Rehabilitation Hospital.

98.    Taking into account all payments, credits, and abatements, as of September 30, 2018, Mr. Planes owes $2,370,096.76, plus further interest and statutory additions thereon as allowed by law, in TFRPs related to University Rehabilitation Hospital for tax periods in 2000–2002.

99.    Pursuant to 26 U.S.C. § 6502(a), the United States generally has 10 years following an assessment to bring an action to reduce a liability to judgment. However, Mr. Planes has made at least one offer in compromise, availed himself of collection due process

proceedings, and engaged in litigation. Collectively, these activities have had the effect of tolling the limitations periods for the liabilities described in paragraph 96. *See, e.g.*, 26 U.S.C. §§ 6503(a)(1), 6330(e)(1). As a result, the collection window remains open on all liabilities described in paragraph 96.

### COUNT II: REDUCE TO JUDGMENT CHARIS HOSPITAL TFRP (DEFENDANT WILLIAM PLANES, in his individual capacity)

100.    The United States incorporates by reference the allegations in paragraphs 1–99.

101.    Between January 1, 2001 and March 31, 2001, Mr. Planes was a person who was required to collect, truthfully account for, and pay over the employment taxes of the employees of Charis Hospital.

102.    Mr. Planes willfully failed to pay over the employment taxes of Charis Hospital's employees for the period between January 1, 2001 and March 31, 2001.

103.    Charis Hospital had a management contract with International Cooperative Consultants.

104.    Mr. Planes was the CEO and a director of International Cooperative Consultants between January 1, 2001 and March 31, 2001.

105.    During a deposition in the *South Capital* case, Mr. Planes admitted that, with respect to International Cooperative Consultants, "I signed the bank records and I made decisions as to what's to be paid."

106.    During that same deposition, Mr. Planes admitted that International Cooperative Consultants was tasked with processing the payroll for Charis Hospital.

107.    Mr. Planes had check signing authority on at least one account where Charis Hospital's funds were deposited.

108.     Pursuant to 26 U.S.C. § 6672, the IRS assessed a $107,714.72 TFRP against Mr. Planes on November 15, 2006 related to Charis Hospital's liability from the quarter that ended March 31, 2001.

109.     A delegate of the Secretary of the Treasury properly gave notice to Mr. Planes of the unpaid TFRP related to Charis Hospital and made demand for payment. Despite notice and demand for payment, Mr. Planes has failed and refused to pay the entire amount of the liability related to Charis Hospital.

110.     Taking into account all payments, credits, and abatements, as of September 30, 2018, Mr. Planes owes $119,911.40, plus further interest and statutory additions thereon as allowed by law, as a result of the TFRP related to Charis Hospital for the first quarter of 2001.

111.     Pursuant to 26 U.S.C. § 6502(a), the United States generally has 10 years following an assessment to bring an action to reduce a liability to judgment. However, Mr. Planes has made at least one offer in compromise, availed himself of collection due process proceedings, and engaged in litigation. Collectively, these activities have had the effect of tolling the limitations period for the liability described in paragraph 108. *See, e.g.*, 26 U.S.C. §§ 6503(a)(1), 6330(e)(1). As a result, the collection window remains open on the liability described in paragraph 108.

COUNT III: REDUCE TO JUDGMENT DIXON MEDICAL CENTER TFRPs (DEFENDANT WILLIAM PLANES, in his individual capacity)

112.     The United States incorporates by reference the allegations in paragraphs 1–111.

113.     Between April 1, 2002 and September 30, 2003, Mr. Planes was a person who was required to collect, truthfully account for, and pay over the employment taxes of the employees of Dixon Medical Center.

114.     Mr. Planes willfully failed to pay over the employment taxes of Dixon Medical Center's employees for periods between April 1, 2002 and September 30, 2003.

115.     Dixon Medical Center was wholly owned by International Cooperative Consultants.

116.     Mr. Planes was the president, the CEO, and a director of International Cooperative Consultants between April 1, 2002 and September 30, 2003.

117.     During a deposition in the *South Capital* case, Mr. Planes admitted that, with respect to International Cooperative Consultants, "I signed the bank records and I made decisions as to what's to be paid."

118.     Mr. Planes had the ability to hire and fire employees of Dixon Medical Center.

119.     Mr. Planes had signature authority over Dixon Medical Center's payroll account.

120.     Mr. Planes controlled the finances of Dixon Medical Center. Indeed, he insisted on reviewing Dixon Medical Center's checks before they were issued.

121.     Mr. Planes directed the use of Dixon Medical Center's funds for purposes other than the satisfaction of tax liabilities.

122.     As Ms. Noll, the former treasurer for various Planes entities, explained to the IRS, "Mr. Planes controlled the funding of any financial obligation of [Dixon Medical Center]. Many times he directed funds to be allocated to other business[es] or his personal interests." This included "expansion of his real estate investments, purchase of high-end luxury cars, major improvements to his home, etc."

123.     On the date and in the amounts reflected below, the IRS, pursuant to 26 U.S.C. § 6672, assessed against Mr. Planes the following TFRPs related to Dixon Medical Center:

| Tax Period | Assessment Date | Amount | Balance Due* |
|---|---|---|---|
| June 30, 2002 | 4/13/2007 | $125,541.56 | $199,890.18 |

| September 30, 2002 | 4/13/2007 | $319,621.17 | $510,009.54 |
|---|---|---|---|
| December 31, 2002 | 4/13/2007 | $660,146.56 | $1,053,502.93 |
| March 31, 2003 | 4/13/2007 | $334,865.32 | $534,334.15 |
| June 30, 2003 | 4/13/2007 | $300,823.63 | $457,392.87 |
| September 30, 2003 | 4/13/2007 | $282,928.94 | $451,460.90 |
| | | **Total** | **$3,206,590.57** |

*As of September 30, 2018. Balance due reflects further interest and statutory additions as allowed by law less any credits, including for payments received.

124.     A delegate of the Secretary of the Treasury properly gave notice to Mr. Planes of the unpaid TFRPs related to Dixon Medical Center and made demand for payment. Despite notice and demand for payment, Mr. Planes has failed and refused to pay the entire amount of the liabilities related to Dixon Medical Center.

125.     Taking into account all payments, credits, and abatements, as of September 30, 2018, Mr. Planes owes $3,206,590.57, plus further interest and statutory additions thereon as allowed by law, in TFRPs related to Dixon Medical Center for tax periods in 2002–2003.

126.     Pursuant to 26 U.S.C. § 6502(a), the United States generally has 10 years following an assessment to bring an action to reduce a liability to judgment. However, Mr. Planes has made at least one offer in compromise, availed himself of collection due process proceedings, and engaged in litigation. Collectively, these activities have had the effect of tolling the limitations periods for the liabilities described in paragraph 123. *See, e.g.*, 26 U.S.C. §§ 6503(a)(1), 6330(e)(1). As a result, the collection window remains open on all liabilities described in paragraph 123.

### COUNT IV: REDUCE TO JUDGMENT HEALTH MANAGEMENT TFRPs (DEFENDANT WILLIAM PLANES, in his individual capacity)

127.     The United States incorporates by reference the allegations in paragraphs 1–126.

128.    Between October 1, 2002 and September 30, 2004, Mr. Planes was a person who was required to collect, truthfully account for, and pay over the employment taxes of the employees of Health Management.

129.    Mr. Planes willfully failed to pay over the employment taxes of Health Management's employees for periods between October 1, 2002 and September 30, 2004.

130.    Health Management's sole member was International Cooperative Consultants.

131.    Between October 1, 2002 and September 30, 2004, Mr. Planes was the president, the CEO, and a director of International Cooperative Consultants, as well as a manger of Health Management.

132.    During a deposition in the *South Capital* case, Mr. Planes admitted that, with respect to International Cooperative Consultants, "I signed the bank records and I made decisions as to what's to be paid."

133.    On the date and in the amounts reflected below, the IRS, pursuant to 26 U.S.C. § 6672, assessed against Mr. Planes the following TFRPs related to Health Management:

| Tax Period | Assessment Date | Amount | Balance Due* |
|---|---|---|---|
| December 31, 2002 | 3/14/2007 | $14,831 | $23,821.47 |
| March 31, 2003 | 3/14/2007 | $14,644 | $23,521.12 |
| June 30, 2003 | 3/14/2007 | $11,964 | $1,000.59 |
| September 30, 2003 | 3/14/2007 | $11,537 | $18,530.68 |
| December 31, 2003 | 3/14/2007 | $16,155 | $25,948.07 |
| September 30, 2004 | 3/14/2007 | $945 | $1,517.85 |
| | | Total | **$94,339.78** |

*As of September 30, 2018. Balance due reflects further interest and statutory additions as allowed by law less any credits, including for payments received.

134.    A delegate of the Secretary of the Treasury properly gave notice to Mr. Planes of the unpaid TFRPs related to Health Management and made demand for payment. Despite notice

and demand for payment, Mr. Planes has failed and refused to pay the entire amount of the liabilities related to Health Management.

135.     Taking into account all payments, credits, and abatements, as of September 30, 2018, Mr. Planes owes $94,339.78, plus further interest and statutory additions thereon as allowed by law, in TFRPs related to Health Management for tax periods in 2002–2004.

136.     Pursuant to 26 U.S.C. § 6502(a), the United States generally has 10 years following an assessment to bring an action to reduce a liability to judgment. However, Mr. Planes has made at least one offer in compromise, availed himself of collection due process proceedings, and engaged in litigation. Collectively, these activities have had the effect of tolling the limitations periods for the liabilities described in paragraph 133. *See, e.g.*, 26 U.S.C. §§ 6503(a)(1), 6330(e)(1). As a result, the collection window remains open on all liabilities described in paragraph 133.

COUNT V: REDUCE TO JUDGMENT ICC FINANCIAL GROUP TFRPs (DEFENDANT WILLIAM PLANES, in his individual capacity)

137.     The United States incorporates by reference the allegations in paragraphs 1–136.

138.     Between January 1, 2003 and September 30, 2005, Mr. Planes was a person who was required to collect, truthfully account for, and pay over the employment taxes of the employees of ICC Financial Group.

139.     Mr. Planes willfully failed to pay over the employment taxes of ICC Financial Group's employees for periods between January 1, 2003 and September 30, 2005.

140.     ICC Financial Group was a d/b/a name for International Cooperative Consultants.

141.     In 2003 and 2004, Mr. Planes was the president, the CEO, and a director of International Cooperative Consultants. In 2005, he was a vice-president and director.

142.     During a deposition in the *South Capital* case, Mr. Planes admitted that, with

respect to International Cooperative Consultants, "I signed the bank records and I made decisions

as to what's to be paid."

143.     Mr. Planes exercised hiring and firing authority at ICC Financial Group. For

instance, during a deposition in the *South Capital* case, Langfred White testified that Mr. Planes

hired him at ICC Financial Group.

144.     On the dates and in the amounts reflected below, the IRS, pursuant to 26 U.S.C.

§ 6672, assessed against Mr. Planes the following TFRPs related to ICC Financial Group:

| Tax Period | Assessment Date | Amount | Balance Due* |
|---|---|---|---|
| March 31, 2003 | 8/28/2006 | $7,633.50 | $12,804.63 |
|  | 6/27/2007 | $22,902.50 | $36,031.48 |
| June 30, 2003 | 8/28/2006 | $13,302.13 | $2,060.02 |
|  | 6/27/2007 | $39,907.87 | $62,641.62 |
| December 31, 2003 | 8/28/2006 | $19,140.60 | $32,106.92 |
|  | 6/27/2007 | $57,425.40 | $90,138.11 |
| September 30, 2004 | 8/28/2006 | $7,294.07 | $12,235.26 |
|  | 5/25/2007 | $21,879.93 | $34,593.23 |
| December 31, 2004 | 8/28/2006 | $6,289.99 | $10,550.99 |
|  | 5/25/2007 | $18,872.01 | $29,837.57 |
| March 31, 2005 | 8/28/2006 | $2,855.15 | $4,789.31 |
|  | 5/25/2007 | $8,562.85 | $13,538.30 |
| June 30, 2005 | 8/28/2006 | $7,750.78 | $13,001.36 |
|  | 5/25/2007 | $23,253.22 | $36,764.48 |
| September 30, 2005 | 8/28/2006 | $35,929.74 | $60,342.09 |
|  |  | **Total** | **$451,435.37** |

*As of September 30, 2018. Balance due reflects further interest and statutory additions as
allowed by law less any credits, including for payments received.

145.     A delegate of the Secretary of the Treasury properly gave notice to Mr. Planes of

the unpaid TFRPs related to ICC Financial Group and made demand for payment. Despite notice

and demand for payment, Mr. Planes has failed and refused to pay the entire amount of the

liabilities related to Health Management.

146.    Taking into account all payments, credits, and abatements, as of September 30, 2018, Mr. Planes owes $451,435.37, plus further interest and statutory additions thereon as allowed by law, in TFRPs related to ICC Financial Group for tax periods in 2003–2005.

147.    Pursuant to 26 U.S.C. § 6502(a), the United States generally has 10 years following an assessment to bring an action to reduce a liability to judgment. However, Mr. Planes has made at least one offer in compromise, availed himself of collection due process proceedings, and engaged in litigation. Collectively, these activities have had the effect of tolling the limitations periods for the liabilities described in paragraph 144. *See, e.g.*, 26 U.S.C. §§ 6503(a)(1), 6330(e)(1). As a result, the collection window remains open on all liabilities described in paragraph 144.

### COUNT VI: REDUCE TO JUDGMENT SOUTH CAPITAL CONSTRUCTION TFRPs (DEFENDANT WILLIAM PLANES, in his individual capacity)

148.    The United States incorporates by reference the allegations in paragraphs 1–147.

149.    Between October 1, 2005 and September 30, 2009, Mr. Planes was a person who was required to collect, truthfully account for, and pay over the employment taxes of the employees of South Capital Construction.

150.    Mr. Planes willfully failed to pay over the employment taxes of South Capital Construction's employees for periods between October 1, 2005 and September 30, 2009.

151.    In an interview with the IRS, Mr. Planes admitted that between October 1, 2005 and September 30, 2009, he had the authority to determine South Capital's financial policy, direct/authorize the payment of bills/creditors, open/close bank accounts, sign/countersign checks, authorize payroll, authorize/make federal tax deposits, sign employment tax returns, and hire/fire employees.

152.    In that same interview, Mr. Planes admitted that he was aware that South Capital Construction was accruing delinquent employment taxes and that he nonetheless directed the entity's funds to be used for other purposes.

153.    Mr. Planes had signature authority over South Capital Construction's accounts at Old Harbor Bank and Flagship Community Bank, including a payroll account.

154.    Mr. Planes was the CEO and a director of South Capital Construction between October 1, 2005 and September 30, 2009.

155.    In the *South Capital* case, the Court determined that Mr. Planes "transferred [South Capital Construction's] funds to Mrs. Planes with an actual intent to hinder the collection of taxes." *South Capital*, ECF No. 139 at 21.

156.    On the dates and in the amounts reflected below, the IRS, pursuant to 26 U.S.C. § 6672, assessed against Mr. Planes the following TFRPs related to South Capital Construction:

| Tax Period | Assessment Date | Amount | Balance Due* |
|---|---|---|---|
| December 31, 2005 | 3/30/2009 | $53,675.92 | $75,361.75 |
| March 31, 2006 | 3/30/2009 | $39,995.49 | $56,063.37 |
| June 30, 2006 | 3/30/2009 | $41,519.52 | $58,199.67 |
| September 30, 2006 | 3/30/3009 | $41,389.99 | $57,737.55 |
| December 31, 2006 | 3/30/2009 | $79,435.14 | $111,347.58 |
| June 30, 2007 | 3/30/2009 | $81,908.03 | $114,813.95 |
| September 30, 2007 | 3/30/2009 | $81,661.65 | $114,468.58 |
| December 31, 2007 | 3/30/3009 | $98,124.93 | $137,545.86 |
| March 31, 2008 | 3/30/2009 | $98,021.86 | $137,401.39 |
| June 30, 2008 | 3/30/2009 | $99,047.72 | $138,839.37 |
| September 30, 2008 | 5/9/2011 | $99,317.50 | $128,264.81 |
| December 31, 2008 | 5/2/2011 | $92,934.25 | $120,113.19 |
| March 31, 2009 | 5/9/2011 | $66,773.97 | $86,236.05 |
| June 30, 2009 | 5/2/2011 | $35,609.12 | $46,023.13 |
| September 30, 2009 | 5/2/2011 | $9,806.65 | $12,674.64 |
| | | **Total** | **$1,395,090.89** |

*As of September 30, 2018. Balance due reflects further interest and statutory additions as allowed by law less any credits, including for payments received.

157.    A delegate of the Secretary of the Treasury properly gave notice to Mr. Planes of the unpaid TFRPs related to South Capital Construction and made demand for payment. Despite notice and demand for payment, Mr. Planes has failed and refused to pay the entire amount of the liabilities related to South Capital Construction.

158.    Taking into account all payments, credits, and abatements, as of September 30, 2018, Mr. Planes owes $1,395,090.89, plus further interest and statutory additions thereon as allowed by law, in TFRPs related to South Capital Construction for tax periods in 2005–2009.

COUNT VII: REDUCE TO JUDGMENT ST. NICHOLAS TFRPs (DEFENDANT WILLIAM PLANES, in his individual capacity)

159.    The United States incorporates by reference the allegations in paragraphs 1–158.

160.    Between January 1, 2006 and March 31, 2012, Mr. Planes was a person who was required to collect, truthfully account for, and pay over the employment taxes of the employees of St. Nicholas Greek Orthodox Parochial School, St. Nicholas Orthodox Christian School, and St. Nicholas Greek Orthodox Christian School. Despite the variances in names, these all relate to the same school run by Mr. and Mrs. Planes and are referred to collectively as "St. Nicholas."

161.    Mr. Planes willfully failed to pay over the employment taxes of St. Nicholas's employees for periods between January 1, 2006 and March 31, 2012.

162.    In an interview with the IRS, Mr. Planes admitted that between January 1, 2006 and March 31, 2012, he had the authority to determine St. Nicholas's financial policy, direct/authorize the payment of bills/creditors, open/close bank accounts, sign/countersign checks, authorize payroll, and hire/fire employees.

163.    In the same interview, Mr. Planes admitted that he was aware that St. Nicholas was accruing delinquent employment taxes and that he nonetheless directed the entity's funds to be used for other purposes.

164.    Between January 1, 2006 and March 31, 2012, Mr. Planes held one or more of the following positions of authority at St. Nicholas: secretary, director, president, and CEO.

165.    On the dates and in the amounts reflected below, the IRS, pursuant to 26 U.S.C. § 6672, assessed against Mr. Planes the following TFRPs related to St. Nicholas:

| Tax Period | Assessment Date | Amount | Balance Due* |
|---|---|---|---|
| March 31, 2006 | 3/26/2010 | $13,396.26 | $18,049.26 |
| June 30, 2006 | 3/26/2010 | $25,392.28 | $34,211.93 |
| December 31, 2006 | 3/26/2010 | $20,321.09 | $27,379.33 |
| March 31, 2007 | 3/26/2010 | $19,685.72 | $26,549.97 |
| June 30, 2007 | 3/26/2010 | $39,444.83 | $53,145.43 |
| September 30, 2007 | 3/26/2010 | $9,607.98 | $12,945.17 |
| December 31, 2007 | 3/26/2010 | $23,798.87 | $32,065.07 |
| March 31, 2008 | 3/26/2010 | $24,031.73 | $32,378.81 |
| June 30, 2008 | 3/26/2010 | $44,518.08 | $59,980.79 |
| September 30, 2008 | 3/26/2010 | $12,901.16 | $17,382.19 |
| March 31, 2009 | 3/26/2010 | $27,962.09 | $37,674.32 |
| June 30, 2009 | 3/26/2010 | $20,019.41 | $26,972.87 |
| September 30, 2009 | 5/9/2011 | $13,421.04 | $17,358.04 |
| December 31, 2009 | 5/2/2011 | $17,721.66 | $22,904.43 |
| March 31, 2010 | 5/2/2011 | $11,336 | $14,651.26 |
| June 30, 2010 | 5/2/2011 | $18,297.71 | $23,648.95 |
| September 30, 2010 | 5/2/2011 | $2,521.99 | $3,259.55 |
| December 31, 2010 | 12/17/2012 | $5,494.55 | $6,735.14 |
| March 31, 2011 | 12/17/2012 | $7,258.19 | $8,921.32 |
| June 30, 2011 | 12/17/2012 | $10,518.89 | $12,893.91 |
| September 30, 2011 | 12/17/2012 | $3,099.20 | $3,798.95 |
| | 3/25/2013 | $323.10 | $392.87 |
| December 31, 2011 | 3/25/2013 | $6,028.82 | $7,354.94 |
| March 31, 2012 | 3/25/2013 | $865.41 | $1,052.29 |
| | | Total | $501,706.79 |

*As of September 30, 2018. Balance due reflects further interest and statutory additions as allowed by law less any credits, including for payments received.

166.    A delegate of the Secretary of the Treasury properly gave notice to Mr. Planes of the unpaid TFRPs related to St. Nicholas and made demand for payment. Despite notice and demand for payment, Mr. Planes has failed and refused to pay the entire amount of the liabilities related to St. Nicholas.

167.     Taking into account all payments, credits, and abatements, as of September 30, 2018, Mr. Planes owes $501,706.79, plus further interest and statutory additions thereon as allowed by law, in TFRPs related to St. Nicholas for tax periods in 2006–2012.

### COUNT VIII: REDUCE TO JUDGMENT CVC VETERINARY CENTERS TFRPs
### (DEFENDANT WILLIAM PLANES, in his individual capacity)

168.     The United States incorporates by reference the allegations in paragraphs 1–167.

169.     Between April 1, 2006 and September 30, 2009, Mr. Planes was a person who was required to collect, truthfully account for, and pay over the employment taxes of the employees of CVC Veterinary Centers.

170.     Mr. Planes willfully failed to pay over the employment taxes of CVC Veterinary Centers' employees for periods between April 1, 2006 and September 30, 2009.

171.     Until late 2008, Mr. Planes was the president and CEO of CVC Veterinary Centers.

172.     During a deposition in the *South Capital* case, Mr. Planes conceded that he "met the conditions of being the responsible party" at CVC Veterinary Centers.

173.     On the dates and in the amounts reflected below, the IRS, pursuant to 26 U.S.C. § 6672, assessed against Mr. Planes the following TFRPs related to CVC Veterinary Centers:

| Tax Period | Assessment Date | Amount | Balance Due* |
|---|---|---|---|
| June 30, 2006 | 4/8/2010 | $11,798.83 | $15,831.13 |
| September 30, 2006 | 4/8/2010 | $25,107.91 | $33,780.63 |
| December 31, 2006 | 4/8/2010 | $17,369.38 | $23,228.50 |
| June 30, 2007 | 4/8/2010 | $19,450.40 | $25,542.53 |
| September 30, 2007 | 4/8/2010 | $27,055.60 | $36,206.14 |
| December 31, 2007 | 4/8/2010 | $27,248.75 | $36,609.18 |
| March 31, 2008 | 4/8/2010 | $26,786.87 | $35,989.35 |
| June 30, 2008 | 4/8/2010 | $22,508.41 | $29,806.51 |
| September 30, 2008 | 4/8/2010 | $27,006.44 | $36,303.79 |
| December 31, 2008 | 4/8/2010 | $27,246.35 | $36,657.73 |
| March 31, 2009 | 4/8/2010 | $26,244.39 | $35,291.34 |
| June 30, 2009 | 4/8/2010 | $30,457.93 | $40,945.39 |

| September 30, 2009 | 5/7/2012 | $8,706.91 | $10,870.57 |
| | | **Total** | **$397,062.79** |

*As of September 30, 2018. Balance due reflects further interest and statutory additions as allowed by law less any credits, including for payments received.

174.    A delegate of the Secretary of the Treasury properly gave notice to Mr. Planes of the unpaid TFRPs related to CVC Veterinary Centers and made demand for payment. Despite notice and demand for payment, Mr. Planes has failed and refused to pay the entire amount of the liabilities related to CVC Veterinary Centers.

175.    Taking into account all payments, credits, and abatements, as of September 30, 2018, Mr. Planes owes $397,062.79, plus further interest and statutory additions thereon as allowed by law, in TFRPs related to CVC Veterinary Centers for tax periods in 2006–2009.

### COUNT IX: REDUCE TO JUDGMENT MSP ARCHITECTURE TFRPs (DEFENDANT WILLIAM PLANES, in his individual capacity)

176.    The United States incorporates by reference the allegations in paragraphs 1–175.

177.    Between October 1, 2007 and June 30, 2009, Mr. Planes was a person who was required to collect, truthfully account for, and pay over the employment taxes of the employees of MSP Architecture.

178.    Mr. Planes willfully failed to pay over the employment taxes of MSP Architecture's employees for periods between October 1, 2007 and June 30, 2009.

179.    Between October 1, 2007 and June 30, 2009, Mr. Planes was the CEO and a director of MSP Architecture.

180.    Mrs. Planes was the nominal owner of MSP Architecture, while Mr. Planes ran the company's operations. This was part of the scheme—separation of ownership and control—that the Court found to constitute actual fraud in the *South Capital* case.

181.    On the date and in the amounts reflected below, the IRS, pursuant to 26 U.S.C.

§ 6672, assessed against Mr. Planes the following TFRPs related to MSP Architecture:

| Tax Period | Assessment Date | Amount | Balance Due* |
|---|---|---|---|
| December 31, 2007 | 3/23/2011 | $1,541.13 | $2,000.15 |
| March 31, 2008 | 3/23/2011 | $8,092.90 | $10,503.34 |
| June 30, 2008 | 3/23/2011 | $10,562.07 | $13,707.95 |
| September 30, 2008 | 3/23/2011 | $10,562.06 | $13,707.93 |
| December 31, 2008 | 3/23/2011 | $10,562.06 | $13,707.93 |
| March 31, 2009 | 3/23/2011 | $6,897.37 | $8,951.73 |
| June 30, 2009 | 3/23/2011 | $3,591.96 | $4,661.81 |
| | | Total | $67,240.84 |

*As of September 30, 2018. Balance due reflects further interest and statutory additions as
allowed by law less any credits, including for payments received.

182.    A delegate of the Secretary of the Treasury properly gave notice to Mr. Planes of

the unpaid TFRPs related to MSP Architecture and made demand for payment. Despite notice

and demand for payment, Mr. Planes has failed and refused to pay the entire amount of the

liabilities related to MSP Architecture.

183.    Taking into account all payments, credits, and abatements, as of September 30,

2018, Mr. Planes owes $67,240.84, plus further interest and statutory additions thereon as

allowed by law, in TFRPs related to MSP Architecture for tax periods in 2007–2009.

COUNT X: REDUCE TO JUDGMENT PACIFIC PALATE TFRPs (DEFENDANT WILLIAM
PLANES, in his individual capacity)

184.    The United States incorporates by reference the allegations in paragraphs 1–183.

185.    Between January 1, 2008 and June 30, 2009, Mr. Planes was a person who was

required to collect, truthfully account for, and pay over the employment taxes of the employees

of Pacific Palate.

186.    Mr. Planes willfully failed to pay over the employment taxes of Pacific Palate's

employees for periods between January 1, 2008 and June 30, 2009.

187.    Between January 1, 2008 and June 30, 2009, Mr. Planes was a manager and/or the CEO of Pacific Palate.

188.    Mr. Planes had the authority to hire and fire employees of Pacific Palate.

189.    Mr. Planes was in charge of the financial policy of Pacific Palate, including the authorization of payroll.

190.    Mr. Planes admitted to the IRS that he was aware of Pacific Palate's unpaid taxes. He also admitted that he made the decision not to turn over withheld taxes to the IRS.

191.    On the dates and in the amounts reflected below, the IRS, pursuant to 26 U.S.C. § 6672, assessed against Mr. Planes the following TFRPs related to Pacific Palate:

| Tax Period | Assessment Date | Amount | Balance Due* |
|---|---|---|---|
| March 31, 2008 | 5/2/2011 | $10,403.41 | $13,445.92 |
| June 30, 2008 | 5/2/2011 | $14,672.25 | $18,963.20 |
| September 30, 2008 | 5/2/2011 | $14,672.25 | $18,963.20 |
| December 31, 2008 | 5/9/2011 | $13,861.50 | $17,901.61 |
| March 31, 2009 | 5/2/2011 | $9,657.50 | $12,481.87 |
| June 30, 2009 | 5/9/2011 | $2,753.63 | $3,556.21 |
| | | Total | $85,312.01 |

*As of September 30, 2018. Balance due reflects further interest and statutory additions as allowed by law less any credits, including for payments received.

192.    A delegate of the Secretary of the Treasury properly gave notice to Mr. Planes of the unpaid TFRPs related to Pacific Palate and made demand for payment. Despite notice and demand for payment, Mr. Planes has failed and refused to pay the entire amount of the liabilities related to Pacific Palate.

193.    Taking into account all payments, credits, and abatements, as of September 30, 2018, Mr. Planes owes $85,312.01, plus further interest and statutory additions thereon as allowed by law, in TFRPs related to Pacific Palate for tax periods in 2008–2009.

COUNT XI: REDUCE TO JUDGMENT COMMERCE PARK DESIGN & CONSTRUCTION
TFRPs (DEFENDANT WILLIAM PLANES, in his individual capacity)

194.    The United States incorporates by reference the allegations in paragraphs 1–193.

195.    Between October 1, 2009 and March 31, 2012, Mr. Planes was a person who was
required to collect, truthfully account for, and pay over the employment taxes of the employees
of Commerce Park Design & Construction.

196.    Mr. Planes willfully failed to pay over the employment taxes of Commerce Park
Design & Construction's employees for periods between October 1, 2009 and March 31, 2012.

197.    Commerce Park Design & Construction was a successor to South Capital
Construction. Upon information and belief, Mr. Planes exercised authority at Commerce Park
Design & Construction that was similar to the control he exercised at South Capital
Construction.

198.    Upon information and belief, Mr. Planes was in charge of authorizing Commerce
Park Design & Construction's payroll between October 1, 2009 and March 31, 2012 and used
the company's funds for purposes other than paying the company's employment taxes.

199.    On the dates and in the amounts reflected below, the IRS, pursuant to 26 U.S.C.
§ 6672, assessed against Mr. Planes the following TFRPs related to Commerce Park Design &
Construction:

| Tax Period | Assessment Date | Amount | Balance Due* |
|---|---|---|---|
| December 31, 2009 | 8/29/2011 | $8,524.52 | $7,199.74 |
| March 31, 2010 | 8/29/2011 | $4,112.36 | $5,246.17 |
| June 30, 2010 | 8/29/2011 | $7,981.53 | $10,182.11 |
| September 30, 2010 | 8/29/2011 | $9,085.81 | $11,590.86 |
| December 31, 2010 | 8/29/2011 | $9,227.54 | $11,771.65 |
| March 31, 2011 | 4/15/2013 | $8,746.76 | $10,617.34 |
| June 30, 2011 | 4/15/2013 | $7,780.21 | $9,444.09 |
| March 31, 2012 | 4/15/2013 | $4,771.84 | $5,792.34 |
| | | **Total** | **$71,844.30** |

\*As of September 30, 2018. Balance due reflects further interest and statutory additions as allowed by law less any credits, including for payments received.

200.   A delegate of the Secretary of the Treasury properly gave notice to Mr. Planes of the unpaid TFRPs related to Commerce Park Design & Construction and made demand for payment. Despite notice and demand for payment, Mr. Planes has failed and refused to pay the entire amount of the liabilities related to Commerce Park Design & Construction.

201.   Taking into account all payments, credits, and abatements, as of September 30, 2018, Mr. Planes owes $71,844.30, plus further interest and statutory additions thereon as allowed by law, in TFRPs related to Commerce Park Design & Construction for tax periods in 2009–2012.

### COUNT XII: REDUCE TO JUDGMENT CVC VETERINARY CENTERS TFRPs
### (DEFENDANT REGINA PLANES, in her individual capacity)

202.   The United States incorporates by reference the allegations in paragraphs 1–201.

203.   Between April 1, 2006 and September 30, 2009, Mrs. Planes was a person who was required to collect, truthfully account for, and pay over the employment taxes of the employees of CVC Veterinary Centers.

204.   Between April 1, 2006 and September 30, 2009, Mrs. Planes was a vice president and director of CVC Veterinary Centers, as well as its sole owner.

205.   Mrs. Planes willfully failed to pay over the employment taxes of CVC Veterinary Centers for periods between April 1, 2006 and September 30, 2009 or acted with reckless disregard for the nonpayment of those employment taxes.

206.   By 2006, Mrs. Planes was on notice that Mr. Planes had a lengthy history of running businesses that failed to pay their employment taxes.

207.    Indeed, Mrs. Planes admitted during the Divorce Proceedings that she has had doubts as to whether Mr. Planes has been "running these companies legitimately."

208.    Instead of using her position of authority at CVC Veterinary Centers to ensure the proper payment of employment taxes, Mrs. Planes intentionally turned a blind eye to the nonpayment.

209.    On the dates and in the amounts reflected below, the IRS, pursuant to 26 U.S.C. § 6672, assessed against Mrs. Planes the following TFRPs related to CVC Veterinary Centers:

| Tax Period | Assessment Date | Amount | Balance Due* |
|---|---|---|---|
| June 30, 2006 | 3/31/2010 | $11,798.83 | $15,871.73 |
| September 30, 2006 | 3/31/2010 | $25,107.91 | $33,529.72 |
| December 31, 2006 | 3/31/2010 | $17,369.38 | $23,249.00 |
| June 30, 2007 | 3/31/2010 | $19,450.40 | $25,565.47 |
| September 30, 2007 | 3/31/2010 | $27,055.60 | $36,238.10 |
| December 31, 2007 | 3/31/2010 | $27,248.75 | $36,641.35 |
| March 31, 2008 | 3/31/2010 | $26,786.87 | $36,020.95 |
| June 30, 2008 | 3/31/2010 | $22,508.41 | $29,833.05 |
| September 30, 2008 | 3/31/2010 | $27,006.44 | $36,335.62 |
| December 31, 2008 | 3/31/2010 | $27,246.35 | $36,689.85 |
| March 31, 2009 | 3/31/2010 | $26,244.39 | $35,322.32 |
| June 30, 2009 | 3/31/2010 | $30,457.93 | $40,981.35 |
| September 30, 2009 | 2/18/2013 | $8,706.91 | $10,643.01 |
| | | Total | $396,921.52 |

*As of September 30, 2018. Balance due reflects further interest and statutory additions as allowed by law less any credits, including for payments received.

210.    A delegate of the Secretary of the Treasury properly gave notice to Mrs. Planes of the unpaid TFRPs related to CVC Veterinary Centers and made demand for payment. Despite notice and demand for payment, Mrs. Planes has failed and refused to pay the entire amount of the liabilities related to CVC Veterinary Centers.

211.    Taking into account all payments, credits, and abatements, as of September 30, 2018, Mrs. Planes owes $396,921.52, plus further interest and statutory additions thereon as allowed by law, in TFRPs related to CVC Veterinary Centers for tax periods in 2006–2009.

COUNT XIII: REDUCE TO JUDGMENT PACIFIC PALATE TFRPs (DEFENDANT REGINA PLANES, in her individual capacity)

212.    The United States incorporates by reference the allegations in paragraphs 1–211.

213.    Between January 1, 2008 and June 30, 2009, Mrs. Planes was a person who was required to collect, truthfully account for, and pay over the employment taxes of the employees of Pacific Palate.

214.    Between January 1, 2008 and June 30, 2009, Mrs. Planes was the managing member and/or a director of Pacific Palate and its sole owner.

215.    Mrs. Planes willfully failed to pay over the employment taxes of Pacific Palate's employees for periods between January 1, 2008 and June 30, 2009 or acted with reckless disregard for the nonpayment of those employment taxes.

216.    By 2008, Mrs. Planes was on notice that Mr. Planes had a lengthy history of running businesses that failed to pay their employment taxes.

217.    Indeed, Mrs. Planes admitted during the Divorce Proceedings that she has had doubts as to whether Mr. Planes has been "running these companies legitimately."

218.    Instead of using her position of authority at Pacific Palate to ensure the proper payment of employment taxes, Mrs. Planes intentionally turned a blind eye to the nonpayment.

219.    On the date and in the amounts reflected below, the IRS, pursuant to 26 U.S.C. § 6672, assessed against Mrs. Planes the following TFRPs related to Pacific Palate:

| Tax Period | Assessment Date | Amount | Balance Due* |
|---|---|---|---|
| March 31, 2008 | 5/2/2011 | $10,403.81 | $13,445.92 |
| June 30, 2008 | 5/2/2011 | $14,672.25 | $18,963.21 |
| September 30, 2008 | 5/2/2011 | $14,672.25 | $18,963.21 |
| December 31, 2008 | 5/2/2011 | $13,861.50 | $15,915.32 |
| March 31, 2009 | 5/2/2011 | $9,657.50 | $12,481.86 |
| June 30, 2009 | 5/2/2011 | $2,753.63 | $3,558.91 |
| | | Total | $83,328.43 |

*As of September 30, 2018. Balance due reflects further interest and statutory additions as allowed by law less any credits, including for payments received.

220.    A delegate of the Secretary of the Treasury properly gave notice to Mrs. Planes of the unpaid TFRPs related to Pacific Palate and made demand for payment. Despite notice and demand for payment, Mrs. Planes has failed and refused to pay the entire amount of the liabilities related to Pacific Palate.

221.    Taking into account all payments, credits, and abatements, as of September 30, 2018, Mrs. Planes owes $83,328.43, plus further interest and statutory additions thereon as allowed by law, in TFRPs related to Pacific Palate for tax periods in 2008–2009.

COUNT XIV: REDUCE TO JUDGMENT COMMERCE PARK DESIGN & CONSTRUCTION TFRPs (DEFENDANT REGINA PLANES, in her individual capacity)

222.    The United States incorporates by reference the allegations in paragraphs 1–221.

223.    Between October 1, 2009 and December 31, 2010, Mrs. Planes was a person who was required to collect, truthfully account for, and pay over the employment taxes of the employees of Commerce Park Design & Construction.

224.    Mrs. Planes was the managing member and/or president of Commerce Park Design & Construction in 2009.

225.    Mrs. Planes willfully failed to pay over the employment taxes of Commerce Park Design & Construction's employees for periods between October 1, 2009 and December 31, 2010 or acted with reckless disregard for the nonpayment of those employment taxes.

226.    By 2009, Mrs. Planes was on notice that Mr. Planes had a lengthy history of running businesses that failed to pay their employment taxes.

227.    Indeed, Mrs. Planes admitted during the Divorce Proceedings that she has had doubts as to whether Mr. Planes has been "running these companies legitimately."

228.     Instead of using her position of authority at Commerce Park Design & Construction to ensure the proper payment of employment taxes, Mrs. Planes intentionally turned a blind eye to the nonpayment.

229.     On the date and in the amounts reflected below, the IRS, pursuant to 26 U.S.C. § 6672, assessed against Mrs. Planes the following TFRPs related to Commerce Park Design & Construction:

| Tax Period | Assessment Date | Amount | Balance Due* |
|---|---|---|---|
| December 31, 2009 | 8/29/2011 | $8,524.52 | $7,199.76 |
| March 31, 2010 | 8/29/2011 | $4,112.36 | $5,246.20 |
| June 30, 2010 | 8/29/2011 | $7,981.53 | $10,182.10 |
| September 30, 2010 | 8/29/2011 | $9,085.81 | $11,590.84 |
| December 31, 2010 | 8/29/2011 | $9,227.54 | $11,771.65 |
| | | Total | $45,990.55 |

*As of September 30, 2018. Balance due reflects further interest and statutory additions as allowed by law less any credits, including for payments received.

230.     A delegate of the Secretary of the Treasury properly gave notice to Mrs. Planes of the unpaid TFRPs related to Commerce Park Design & Construction and made demand for payment. Despite notice and demand for payment, Mrs. Planes has failed and refused to pay the entire amount of the liabilities related to Commerce Park Design & Construction.

231.     Taking into account all payments, credits, and abatements, as of September 30, 2018, Mrs. Planes owes $45,990.55, plus further interest and statutory additions thereon as allowed by law, in TFRPs related to Commerce Park Design & Construction for tax periods in 2009–2010.

COUNT XV: REDUCE TO JUDGMENT INCOME TAX LIABILITIES (DEFENDANTS WILLIAM PLANES and REGINA PLANES, in their individual capacities)

232.     The United States incorporates by reference the allegations in paragraphs 1–231.

233.    Mr. and Mrs. Planes filed a joint income tax return for tax year 2007 reporting $1,057,058 in adjusted gross income and a tax liability of $39,004. A delegate of the Secretary of the Treasury, in accordance with the internal revenue laws, assessed against Mr. and Mrs. Planes their self-reported liability on February 9, 2009, but Mr. and Mrs. Planes failed to fully pay the assessment.

234.    A delegate of the Secretary of the Treasury properly gave notice to Mr. and Mrs. Planes of the unpaid income taxes and made demand for payment. Despite notice and demand for payment, Mr. and Mrs. Planes have failed and refused to pay the entire amount of the liability.

235.    Taking into account all payments, credits, and abatements, as of July 19, 2018, Mr. and Mrs. Planes owe $71,114.42, plus further interest and statutory additions thereon as allowed by law, in income taxes for tax year 2007.

COUNT XVI: DECLARATORY JUDGMENT AGAINST THE WILLIAM PLANES 2003 IRREVOCABLE TRUST, CORKLICO, 03-22-18, 2801 CORNER, 32801-15, 2801 KEYSTONE, and TRINITY CORNER (DEFENDANTS WILLIAM PLANES 2003 IRREVOCABLE TRUST; WILLIAM PLANES, individually; REGINA PLANES, individually and as trustee and beneficiary; ANA PLANES, as beneficiary; WILLIAM PLANES II, as beneficiary; RHEA MARTINEZ, as beneficiary; DAVID MARGULIES, as beneficiary; MICHAEL MARGULIES, as beneficiary; LANGFRED WHITE, as trustee; CORKLICO; 03-22-18; 2801 CORNER; 32801-15; 2801 KEYSTONE; and TRINITY CORNER)

236.    The United States incorporates by reference the allegations in paragraphs 1–235.

237.    Pursuant to 28 U.S.C. § 2201 and 26 U.S.C. § 7402(a), the United States seeks a declaratory judgment that the William Planes 2003 Irrevocable Trust and the entities it owns in whole or in part—including Corklico, 2801 Keystone, 03-22-18, 32801-15, Trinity Corner, and 2801 Corner (collectively, the "Controlled Entities")—are alter egos of Mr. and Mrs. Planes and that federal tax and judgment liens attach to all of the property and rights to property of the trust and the Controlled Entities.

238.    Pursuant to 26 U.S.C. § 7402(a), the United States also seeks an accounting that i) identifies the assets of the William Planes 2003 Irrevocable Trust and the Controlled Entities as of the date of this Complaint; and ii) identifies all transfers into and out of the William Planes 2003 Irrevocable Trust and the Controlled Entities between February 16, 2018 (the date of the *South Capital* judgment) and the date of this Complaint.

239.    Mr. and Mrs. Planes created the William Planes 2003 Irrevocable Trust and the Controlled Entities for a fraudulent purpose—preventing existing and future creditors from reaching their assets.

240.    Mr. Planes has exercised control over the William Planes 2003 Irrevocable Trust and the Controlled Entities and has used their funds for the personal expenses of himself and Mrs. Planes.

241.    There has been substantial and improper commingling of the funds of the William Planes 2003 Irrevocable Trust/the Controlled Entities and the personal funds of Mr. and Mrs. Planes.

242.    The William Planes 2003 Irrevocable Trust and the Controlled Entities are—and have always been—a sham. Specifically, they are mere instrumentalities of Mr. and Mrs. Planes.

243.    Mr. and Mrs. Planes are the beneficial owners of the property and rights to property of the William Planes 2003 Irrevocable Trust and the Controlled Entities.

COUNT XVII: DECLARATORY JUDGMENT AGAINST THE WILLIAM PLANES 2003
IRREVOCABLE TRUST, CORKLICO, 03-22-18, 2801 CORNER, 32801-15, 2801
KEYSTONE, and TRINITY CORNER (DEFENDANTS WILLIAM PLANES 2003
IRREVOCABLE TRUST; WILLIAM PLANES, individually; REGINA PLANES, individually
and as trustee and beneficiary; ANA PLANES, as beneficiary; WILLIAM PLANES II, as
beneficiary; RHEA MARTINEZ, as beneficiary; DAVID MARGULIES, as beneficiary;
MICHAEL MARGULIES, as beneficiary; LANGFRED WHITE, as trustee; CORKLICO; 03-
22-18; 2801 CORNER; 32801-15; 2801 KEYSTONE; and TRINITY CORNER)

244.    The United States incorporates by reference the allegations in paragraphs 1–243.

245.    In the alternative to Count XVI, pursuant to 28 U.S.C. § 2201 and 26 U.S.C.

§ 7402(a), the United States seeks a declaratory judgment that the corporate entities owned in

whole or in part by the William Planes 2003 Irrevocable Trust—including Corklico, 2801

Keystone, 03-22-18, 32801-15, Trinity Corner, and 2801 Corner (collectively, the "Controlled

Entities")—are alter egos of Mr. and Mrs. Planes that were fraudulently transferred into the

William Planes 2003 Irrevocable Trust.

246.    Even if the William Planes 2003 Irrevocable Trust is a legitimate entity, there is

no proper purpose for titling the Controlled Entities in the name of the trust.

247.    The Controlled Entities were all formed—and therefore placed in the name of the

William Planes 2003 Irrevocable Trust—in or after 2008. At all times from 2008 to the present,

Mr. and Mrs. Planes have been insolvent, as evidenced by their substantial outstanding tax

liabilities.

248.    At the time of the transfer of the Controlled Entities into the William Planes 2003

Irrevocable Trust, Mr. and Mrs. Planes intended to continue (or reasonably should have believed

they would continue) operating businesses that generated unpaid tax liabilities.

249.    Mr. Planes caused the Controlled Entities to be transferred into the William

Planes 2003 Irrevocable Trust with an intention to hinder, delay, and defraud his creditors and

the creditors of Mrs. Planes. This includes the United States, which has at all relevant times been a creditor due to outstanding tax assessments.

250.     Neither Mr. Planes nor Mrs. Planes received anything of value in exchange for the transfer of the Controlled Entities into the William Planes 2003 Irrevocable Trust.

251.     Pursuant to Fla. Stat. § 726.105(1)(a), the transfer of the Controlled Entities into the William Planes 2003 Irrevocable Trust was actually fraudulent as to the United States.

252.     Pursuant to Fla. Stat. § 726.105(1)(b), the transfer of the Controlled Entities into the William Planes 2003 Irrevocable Trust was constructively fraudulent as to the United States.

COUNT XVIII: DECLARATORY JUDGMENT AGAINST THE REGINA M. PLANES 2003 IRREVOCABLE TRUST, CORKLICO, 03-22-18, 2801 CORNER, 32801-15, 2801 KEYSTONE, and TRINITY CORNER (DEFENDANTS REGINA M. PLANES 2003 IRREVOCABLE TRUST; WILLIAM PLANES, individually and as trustee and beneficiary; REGINA PLANES, individually; ANA PLANES, as beneficiary; WILLIAM PLANES II, as beneficiary; RHEA MARTINEZ, as beneficiary; DAVID MARGULIES, as beneficiary; MICHAEL MARGULIES, as beneficiary; LANGFRED WHITE, as trustee; CORKLICO; 03-22-18; 2801 CORNER; 32801-15; 2801 KEYSTONE; and TRINITY CORNER)

253.     The United States incorporates by reference the allegations in paragraphs 1–252.

254.     Pursuant to 28 U.S.C. § 2201 and 26 U.S.C. § 7402(a), the United States seeks a declaratory judgment that the Regina M. Planes 2003 Irrevocable Trust and the entities it owns in whole or in part—including Corklico, 2801 Keystone, 03-22-18, 32801-15, Trinity Corner, and 2801 Corner (collectively, the "Controlled Entities")—are alter egos of Mr. and Mrs. Planes and that federal tax and judgment liens attach to all of the property and rights to property of the trust and the Controlled Entities.

255.     Pursuant to 26 U.S.C. § 7402(a), the United States also seeks an accounting that i) identifies the assets of the Regina M. Planes 2003 Irrevocable Trust and the Controlled Entities as of the date of this Complaint; and ii) identifies all transfers into and out of the Regina M.

Planes 2003 Irrevocable Trust and the Controlled Entities between February 16, 2018 (the date

of the *South Capital* judgment) and the date of this Complaint.

256.    Mr. and Mrs. Planes created the Regina M. Planes 2003 Irrevocable Trust and the

Controlled Entities for a fraudulent purpose—preventing existing and future creditors from

reaching their assets.

257.    Mr. Planes has exercised control over the Regina M. Planes 2003 Irrevocable

Trust and the Controlled Entities and has used their funds for the personal expenses of himself

and Mrs. Planes.

258.    There has been substantial and improper commingling of the funds of the Regina

M. Planes 2003 Irrevocable Trust/the Controlled Entities and the personal funds of Mr. and Mrs.

Planes.

259.    The Regina M. Planes 2003 Irrevocable Trust and the Controlled Entities are—

and have always been—a sham. Specifically, they are mere instrumentalities of Mr. and Mrs.

Planes.

260.    Mr. and Mrs. Planes are the beneficial owners of the property and rights to

property of the Regina M. Planes 2003 Irrevocable Trust and the Controlled Entities.

COUNT XIX: DECLARATORY JUDGMENT AGAINST THE REGINA M. PLANES 2003
IRREVOCABLE TRUST, CORKLICO, 03-22-18, 2801 CORNER, 32801-15, 2801
KEYSTONE, and TRINITY CORNER (DEFENDANTS REGINA M. PLANES 2003
IRREVOCABLE TRUST; WILLIAM PLANES, individually and as trustee and beneficiary;
REGINA PLANES, individually; ANA PLANES, as beneficiary; WILLIAM PLANES II, as
beneficiary; RHEA MARTINEZ, as beneficiary; DAVID MARGULIES, as beneficiary;
MICHAEL MARGULIES, as beneficiary; LANGFRED WHITE, as trustee; CORKLICO; 03-
22-18; 2801 CORNER; 32801-15; 2801 KEYSTONE; and TRINITY CORNER)

261.    The United States incorporates by reference the allegations in paragraphs 1–260.

262.    In the alternative to Count XVIII,  pursuant to 28 U.S.C. § 2201 and 26 U.S.C.

§ 7402(a), the United States seeks a declaratory judgment that the corporate entities owned in

whole or in part by the Regina M. Planes 2003 Irrevocable Trust—including Corklico, 2801 Keystone, 03-22-18, 32801-15, Trinity Corner, and 2801 Corner (collectively, the "Controlled Entities")—are alter egos of Mr. and Mrs. Planes that were fraudulently transferred into the Regina M. Planes 2003 Irrevocable Trust.

263.    Even if the Regina M. Planes 2003 Irrevocable Trust is a legitimate entity, there is no proper purpose for titling the Controlled Entities in the name of the trust.

264.    The Controlled Entities were all formed—and therefore placed in the name of the Regina M. Planes 2003 Irrevocable Trust—in or after 2008. At all times from 2008 to the present, Mr. and Mrs. Planes have been insolvent, as evidenced by their substantial outstanding tax liabilities.

265.    At the time of the transfer of the Controlled Entities into the Regina M. Planes 2003 Irrevocable Trust, Mr. and Mrs. Planes intended to continue (or reasonably should have believed they would continue) operating businesses that generated unpaid tax liabilities.

266.    Mr. Planes caused the Controlled Entities to be transferred into the Regina M. Planes 2003 Irrevocable Trust with an intention to hinder, delay, and defraud his creditors and the creditors of Mrs. Planes. This includes the United States, which has at all relevant times been a creditor due to outstanding tax assessments.

267.    Neither Mr. Planes nor Mrs. Planes received anything of value in exchange for the transfer of the Controlled Entities into the Regina M. Planes 2003 Irrevocable Trust.

268.    Pursuant to Fla. Stat. § 726.105(1)(a), the transfer of the Controlled Entities into the Regina M. Planes 2003 Irrevocable Trust was actually fraudulent as to the United States.

269.     Pursuant to Fla. Stat. § 726.105(1)(b), the transfer of the Controlled Entities into the Regina M. Planes 2003 Irrevocable Trust was constructively fraudulent as to the United States.

**COUNT XX: DECLARATORY JUDGMENT AGAINST QUALITY HOLDINGS**
**(DEFENDANTS QUALITY HOLDINGS; WILLIAM PLANES, in his individual capacity; and**
**REGINA PLANES, in her individual capacity)**

270.     The United States incorporates by reference the allegations in paragraphs 1–269.

271.     Pursuant to 28 U.S.C. § 2201 and 26 U.S.C. § 7402(a), the United States seeks a declaratory judgment that Quality Holdings is an alter ego of Mr. and Mrs. Planes and that federal tax and judgment liens attach to all of the entity's property and rights to property.

272.     Pursuant to 26 U.S.C. § 7402(a), the United States also seeks an accounting that i) identifies the assets of Quality Holdings as of the date of this Complaint; and ii) identifies all transfers into and out of Quality Holdings between February 16, 2018 (the date of the *South Capital* judgment) and the date of this Complaint.

273.     Mr. and Mrs. Planes created Quality Holdings for a fraudulent purpose— preventing existing and future creditors from reaching their assets.

274.     Mr. Planes has exercised control over Quality Holdings and has used the entity's funds for the personal expenses of himself and Mrs. Planes.

275.     There has been substantial and improper commingling of Quality Holdings' funds and the personal funds of Mr. and Mrs. Planes.

276.     Quality Holdings is—and has always been—a sham. Specifically, it is a mere instrumentality of Mr. and Mrs. Planes.

277.     Mr. and Mrs. Planes are the beneficial owners of Quality Holdings' property and rights to property.

WHEREFORE, the United States of America respectfully requests that the Court grant the following relief:

A.      That, with respect to Count I, the Court enter judgment in favor of the United States and against Defendant William Planes, in his individual capacity, in the amount of $2,370,096.76 as of September 30, 2018, plus further interest and statutory additions thereon as allowed by law, for unpaid TFRPs related to University Rehabilitation Hospital for tax periods in 2000–2002;

B.       That, with respect to Count II, the Court enter judgment in favor of the United States and against Defendant William Planes, in his individual capacity, in the amount of $119,911.40 as of September 30, 2018, plus further interest and statutory additions thereon as allowed by law, for an unpaid TFRP related to Charis Hospital for the first quarter of 2001;

C.      That, with respect to Count III, the Court enter judgment in favor of the United States and against Defendant William Planes, in his individual capacity, in the amount of $3,206,590.57 as of September 30, 2018, plus further interest and statutory additions thereon as allowed by law, for unpaid TFRPs related to Dixon Medical Center for tax periods in 2002–2003;

D.      That, with respect to Count IV, the Court enter judgment in favor of the United States and against Defendant William Planes, in his individual capacity, in the amount of $94,339.78 as of September 30, 2018, plus further interest and statutory additions thereon as allowed by law, for unpaid TFRPs related to Health Management for tax periods in 2002–2004;

E.      That, with respect to Count V, the Court enter judgment in favor of the United States and against Defendant William Planes, in his individual capacity, in the amount of

$451,435.37 as of September 30, 2018, plus further interest and statutory additions thereon as allowed by law, for unpaid TFRPs related to ICC Financial Group for tax periods in 2003–2005;

F.      That, with respect to Count VI, the Court enter judgment in favor of the United States and against Defendant William Planes, in his individual capacity, in the amount of $1,395,090.89 as of September 30, 2018, plus further interest and statutory additions thereon as allowed by law, for unpaid TFRPs related to South Capital Construction for tax periods in 2005–2009;

G.      That, with respect to Count VII, the Court enter judgment in favor of the United States and against Defendant William Planes, in his individual capacity, in the amount of $501,706.79 as of September 30, 2018, plus further interest and statutory additions thereon as allowed by law, for unpaid TFRPs related to St. Nicholas for tax periods in 2006–2012;

H.      That, with respect to Count VIII, the Court enter judgment in favor of the United States and against Defendant William Planes, in his individual capacity, in the amount of $397,062.79 as of September 30, 2018, plus further interest and statutory additions thereon as allowed by law, for unpaid TFRPs related to CVC Veterinary Centers for tax periods in 2006–2009;

I.      That, with respect to Count IX, the Court enter judgment in favor of the United States and against Defendant William Planes, in his individual capacity, in the amount of $67,240.84 as of September 30, 2018, plus further interest and statutory additions thereon as allowed by law, for unpaid TFRPs related to MSP Architecture for tax periods in 2007–2009;

J.      That, with respect to Count X, the Court enter judgment in favor of the United States and against Defendant William Planes, in his individual capacity, in the amount of

$85,312.01 as of September 30, 2018, plus further interest and statutory additions thereon as allowed by law, for unpaid TFRPs related to Pacific Palate for tax periods in 2008–2009;

K.      That, with respect to Count XI, the Court enter judgment in favor of the United States and against Defendant William Planes, in his individual capacity, in the amount of $71,844.30 as of September 30, 2018, plus further interest and statutory additions thereon as allowed by law, for unpaid TFRPs related to Commerce Park Design & Construction for tax periods in 2009–2012;

L.      That, with respect to Count XII, the Court enter judgment in favor of the United States and against Defendant Regina Planes, in her individual capacity, in the amount of $396,921.52 as of September 30, 2018, plus further interest and statutory additions thereon as allowed by law, for unpaid TFRPs related to CVC Veterinary Centers for tax periods in 2006–2009;

M.      That, with respect to Count XIII, the Court enter judgment in favor of the United States and against Defendant Regina Planes, in her individual capacity, in the amount of $83,328.43 as of September 30, 2018, plus further interest and statutory additions thereon as allowed by law, for unpaid TFRPs related to Pacific Palate for tax periods in 2008–2009;

N.      That, with respect to Count XIV, the Court enter judgment in favor of the United States and against Defendant Regina Planes, in her individual capacity, in the amount of $45,990.55 as of September 30, 2018, plus further interest and statutory additions thereon as allowed by law, for unpaid TFRPs related to Commerce Park Design & Construction for tax periods in 2009–2010;

O.      That, with respect to Count XV, the Court enter judgment in favor of the United States and against Defendants Regina Planes and William Planes, in their individual capacities,

in the amount of $71,114.42 as of July 19, 2018, plus further interest and statutory additions thereon as allowed by law, for unpaid income taxes for tax year 2007;

P.      That, with respect to Count XVI, the Court declare that the William Planes 2003 Irrevocable Trust and the entities it owns in whole or in part—including Corklico, 2801 Keystone, 03-22-18, 32801-15, Trinity Corner, and 2801 Corner—are shams, that they are the alter egos of Mr. and Mrs. Planes, that federal tax and judgment liens attach to all of their property and rights to property, and that an accounting must be provided of their assets as of the date of this Complaint (as well of all transfers from February 16, 2018 to the date of this Complaint);

Q.      That, with respect to Count XVII, the Court declare that the corporate entities owned in part by the William Planes 2003 Irrevocable Trust—including Corklico, 2801 Keystone, 03-22-18, 32801-15, Trinity Corner, and 2801 Corner—are alter egos of Mr. and Mrs. Planes that were fraudulently transferred into the William Planes 2003 Irrevocable Trust;

R.      That, with respect to Count XVI, the Court declare that the Regina M. Planes 2003 Irrevocable Trust and the entities it owns in whole or in part—including Corklico, 2801 Keystone, 03-22-18, 32801-15, Trinity Corner, and 2801 Corner—are shams, that they are the alter egos of Mr. and Mrs. Planes, that federal tax and judgment liens attach to all of their property and rights to property, and that an accounting must be provided of their assets as of the date of this Complaint (as well of all transfers from February 16, 2018 to the date of this Complaint);

S.      That, with respect to Count XIX, the Court declare that the corporate entities owned in part by the Regina M. Planes 2003 Irrevocable Trust—including Corklico, 2801

Keystone, 03-22-18, 32801-15, Trinity Corner, and 2801 Corner—are alter egos of Mr. and Mrs. Planes that were fraudulently transferred into the Regina M. Planes 2003 Irrevocable Trust;

T.      That, with respect to Count XX, the Court declare that Quality Holdings is the alter ego of Mr. and Mrs. Planes, that federal tax and judgment liens attach to all of the entity's property and rights to property, and that an accounting must be provided of its assets as of the date of this Complaint (as well of all transfers from February 16, 2018 to the date of this Complaint); and

U.      That the Court grant the United States such other and further relief, including costs, as it deems just and proper.

Dated: November 5, 2018

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
Tax Division

By: s/ Robert S. Silverblatt
ROBERT S. SILVERBLATT
Virginia Bar Number 85506
REBECCA LAYNE
JOHN P. NASTA
U.S. Department of Justice
Trial Attorneys, Tax Division
Post Office Box 14198
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-8682
Facsimile: (202) 514-9868
Robert.S.Silverblatt@usdoj.gov
Rebecca.Layne@usdoj.gov
John.Nasta@usdoj.gov

Of Counsel:

MARIA CHAPA LOPEZ
United States Attorney

JS 44  (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States

**(b)**  County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*
Robert Silverblatt, US DOJ Tax Division, PO Box 14198 Ben Franklin Station, Washington, DC 20044
202-514-8682

## DEFENDANTS
William Planes, individually and as trustee and beneficiary of Regina M. Planes 2003 Irrevocable Trust, et al.

County of Residence of First Listed Defendant    Pinellas
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☒ 1  U.S. Government Plaintiff | ☐ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for  Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original Proceeding   ☐ 2  Removed from State Court   ☐ 3  Remanded from Appellate Court   ☐ 4  Reinstated or Reopened   ☐ 5  Transferred from Another District *(specify)*   ☐ 6  Multidistrict Litigation - Transfer   ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 U.S.C. 7402
Brief description of cause:
Suit to reduce tax liabilities to judgment and obtain declaratory relief

## VII. REQUESTED IN COMPLAINT:
☐  CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $  *illegible*    CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*    JUDGE  Judge Bucklew    DOCKET NUMBER  8:16-cv-705-SCB-JSS

DATE  1/5/18    SIGNATURE OF ATTORNEY OF RECORD  *signature*

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

JS 44 Reverse  (Rev. 08/16)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  Nature of Suit. Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                                    *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____
                                                                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

    ❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

    ❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

    ❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

    ❏ I returned the summons unexecuted because _____ ; or

    ❏ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                          *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                                        *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*
_____ .


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Plaintiff(s)* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Defendant(s)* | ) |  |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____
                                                                                      *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*
                                                                                                    .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*
_____ .


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Plaintiff(s)* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Defendant(s)* | ) |  |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Plaintiff(s)* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Defendant(s)* | ) |  |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____
                                                                    *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| Plaintiff(s) | ) ) ) ) ) |
| v. | ) Civil Action No. |
| Defendant(s) | ) ) ) ) ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Plaintiff(s)* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Defendant(s)* | ) |  |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                    *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

### PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| *Plaintiff(s)* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| *Defendant(s)* | ) |  |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Plaintiff(s)* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Defendant(s)* | ) |  |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Plaintiff(s)* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Defendant(s)* | ) |  |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: