UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    CASE NO. 8:18-cv-2726-T-23TGW

WILLIAM PLANES, et al.,

    Defendants.
_____/

## **ORDER**

The United States sues (Doc. 1) to disregard the corporateness of a network of entities on which William and Regina Planes allegedly rely to thwart tax collection. The United States alleges that two trusts — the "nerve centers" for the network — collectively own several entities used to shield the Planeses' assets. The defendants move (Doc. 71) to dismiss and the United States responds (Doc. 87).

The defendants contend that the complaint is an impermissible "shotgun pleading" because each count incorporates by reference the preceding paragraphs. Although the complaint excessively incorporates by reference, the complaint is "informative enough to permit a court to readily determine if [the complaint] state[s] a claim upon which relief can be granted. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). The complaint is organized, concise, and coherent. Each count contains specific factual allegations pertaining to the claim and

identifies the specific defendant.  The complaint complies with the requirement of Rule 8(a), Federal Rules of Civil Procedure, to contain a "short and plain statement" demonstrating an entitlement to relief.

The defendants contend that the complaint fails to adequately allege standing for declaratory relief.  The contention is without merit.  The complaint alleges that the Planeses have injured the United States by shielding — within a network of legal contrivances — assets that are attributable to the Planeses' tax liability.  A declaration that the Planeses' tax liability attaches to the entities' assets would redress the United States' inability to recover from the Planeses, who allegedly own minimal assets in their name.  The United States adequately alleges standing for declaratory relief.

Also, the defendants contend that the complaint fails to state a claim.  To state a claim to disregard corporateness, the plaintiff must allege facts showing (1) that the defendant "dominated and controlled the corporation to such an extent" that the corporation lacked an "independent existence," (2) that the corporate form was "used fraudulently or for an improper purpose," and (3) that the improper use of the corporate form harmed the plaintiff.  *Gasparini v. Pordomingo*, 972 So. 2d 1053, 1055 (Fla. Dist. Ct. App. 2008).  The United States alleges facts showing that the Planeses dominated and controlled entities purportedly owned by two trusts.  For example, the United States alleges that the Planeses used the entities' assets for personal enrichment, "dr[ove]" the sale of property owned by an entity to defeat tax

collection, and directed daily transactions between the entities. The United States alleges facts showing that the Planeses used the entities for an "improper purpose," that is, that the Planeses used the entities to prevent the United States from collecting an $8 million tax liability and that the concealment of assets harms the United States.

Lastly, the defendants contend that the complaint warrants dismissal for failing to join every beneficiary of the Planeses' trusts. Even if the United States failed to name every beneficiary as a defendant, dismissal is warranted only if a beneficiary is "indispensable" and "cannot be joined." *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1280 (11th Cir. 2003). The defendants admit that the other beneficiaries named in the motion are "subject to service of process and will not deprive the court of subject-matter jurisdiction." (Doc. 71 at 22) The proper remedy is a motion for joinder under Rule 19(a), Federal Rules of Civil Procedure — not dismissal.

The defendants' motion (Doc. 71) to dismiss is **DENIED**. The defendants must answer the complaint no later than **JANUARY 31, 2019**.

ORDERED in Tampa, Florida, on January 18, 2019.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE